574 So.2d 164 (1990)
Ahmed M. ELMARIAH, M.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF MEDICINE, Appellee.
No. 88-3024.
District Court of Appeal of Florida, First District.
December 14, 1990.
Ronald Roderick, Perry, for appellant.
Lisa S. Nelson, Department of Professional Regulation, Tallahassee, for appellee.
PER CURIAM.
Appellant seeks review of an administrative order suspending his license to practice medicine for one year and imposing an additional two-year period of probation. Because we find that the Board of Medicine's disciplinary action was based upon a misreading of the applicable disciplinary statute, we reverse.
The record reveals that in the course of applying for staff privileges at various hospitals, appellant made a number of false or deceptive responses on his application forms. Specifically, appellant answered in the negative when asked whether his hospital privileges had ever been diminished, revoked, suspended, not renewed or otherwise acted against. He also denied having ever been subject to disciplinary action in any medical organization. These responses were deceptive, at minimum, given the fact that prior to filling out the applications, appellant had staff privileges at Lakeland General Hospital which were diminished in the course of a hospital investigation. During appellant's association with Lakeland General, he faced charges which included performance of unnecessary surgery, and the use of poor operative technique and inadequate patient evaluation. As the charges were being investigated, the hospital restricted appellant from performing surgery without first obtaining a consultation. Lakeland General's investigative committee found support for the charges and recommended that appellant not be permitted to continue on the orthopedic surgery staff. In the end, appellant submitted his resignation immediately prior to his Lakeland General disciplinary hearing.
The basis for the instant disciplinary proceedings was appellant's alleged violation of section 458.331(1)(l), Florida Statutes (1983), which prohibits "[m]aking deceptive, untrue, or fraudulent representations in the practice of medicine... ." After a formal hearing, the hearing officer recommended *165 that the Board of Medicine dismiss the charges. This recommendation was based not upon a finding that appellant filled out his applications truthfully, but rather upon the hearing officer's conclusion of law that appellant's misrepresentations were not made "in the practice of medicine" as required by the statute. The Board of Medicine rejected the recommendation and reasoned that misrepresentations in the application for staff privileges directly related to the practice of medicine or to the attempt to practice medicine. According to the Board's interpretation, the phrase "in the practice of medicine" reasonably included such misrepresentations. We disagree with the Board's expansive interpretation of the statute.
Although it is generally held that an agency has wide discretion in interpreting a statute which it administers, this discretion is somewhat more limited where the statute being interpreted authorizes sanctions or penalties against a person's professional license. Statutes providing for the revocation or suspension of a license to practice are deemed penal in nature and must be strictly construed, with any ambiguity interpreted in favor of the licensee. State ex rel. Jordan v. Pattishall, 99 Fla. 296, 126 So. 147, 148 (1930); Taylor v. Department of Professional Regulation, 534 So.2d 782, 784 (Fla. 1st DCA 1988); Lester v. Department of Professional and Occupational Regulations, 348 So.2d 923, 925 (Fla. 1st DCA 1977). It is clear from our analysis that the Board ignored this rule of construction.
Section 458.331(1)(l), Florida Statutes (1983), prohibits the making of "deceptive, untrue, or fraudulent representations in the practice of medicine." Throughout chapter 458, the phrase "practice of medicine" is defined as "the diagnosis, treatment, operation, or prescription for any human disease, pain, injury, deformity, or other physical or mental condition." § 458.305(3), Fla. Stat. (1983). Given this definition and the language of section 458.331(1)(l), it is of no consequence that the Board found appellant's deceptive applications for staff privileges bore some relation to his practice or attempt to practice medicine. Regardless of whether appellant's misrepresentations somehow related to his practice or attempt to practice, it cannot be said that they were made "in" the practice of medicine. However untruthful the responses, they were not made in the diagnosis, treatment, operation, or prescription for any human disease.[1] Consequently, appellant's actions did not violate the provision.
Accordingly, the Board's final order suspending appellant's license to practice medicine is REVERSED.
WIGGINTON, MINER and WOLF, JJ., concur.
NOTES
[1] We note that the subsection in question, which was redesignated as subsection (k) in 1986, was amended in 1989. See ch. 89-374, § 11, Laws of Fla. At present, the following constitutes a valid basis for disciplinary action:

(k) Making deceptive, untrue, or fraudulent representations in or related to the practice of medicine or employing a trick or scheme in the practice of medicine.
§ 458.331(1)(k), Fla. Stat. (1989) (emphasis added). Although we would not presume to interpret a statute not presently before us, we note that the added language (emphasized) should give pause to those who might assume that actions similar to appellant's remain unpunishable.