806 So.2d 633 (2002)
Benjamin Paz OCAMPO, M.D., Appellant,
v.
DEPARTMENT OF HEALTH, Appellee.
No. 1D01-1351.
District Court of Appeal of Florida, First District.
February 12, 2002.
Donald W. Weidner and G. Thomas Bowden, II, of Weidner, Bowden & Weidner, Jacksonville, for Appellant.
*634 Lisa Pease, Senior Appellate Attorney, Agency for Health Care Administration, Tallahassee, for Appellee.
DAVIS, J.
Appellant, Benjamin Paz Ocampo, M.D. (Ocampo), timely appeals a final administrative order of Appellee, Florida Department of Health (DOH), disciplining his license for violations of sections 458.331(1)(b) and (kk) of the Florida Statutes. Because we find Ocampo was improperly charged with violations of these sections, we reverse the final order.
In an administrative complaint, DOH alleged that Ocampo violated section 458.331(1)(b), Florida Statutes, by having
a license or the authority to practice medicine revoked, suspended, or other-wise acted against, including the denial of licensure, by the licensing authority of any jurisdiction, including its agencies or subdivisions, in that the [United States Department of Health and Human Services] excluded [Ocampo] from participation in the Medicare, Medicaid and all Federal health care programs as defined in section 1128B(f) of the Social Security Act for a period of fifteen (15) years.
DOH further alleged that Ocampo violated section 458.331(1)(kk), Florida Statutes, by failing to report the exclusion in writing to the Board of Medicine (the Board) within thirty days of learning of the exclusion. The case was referred to the Division of Administrative Hearings (DOAH) by DOH, but jurisdiction was later relinquished to the Board for a hearing not involving disputed issues of material fact pursuant to section 120.57(2), Florida Statutes.
At the hearing before the Board, Ocampo argued that the exclusion of a physician by the federal government from participation in federal health care programs was not action by the licensing authority of any jurisdiction as prohibited by section 458.331(1)(b), Florida Statutes. We agree.
An administrative agency is a creature of statute. Florida Dep't of Ins. and Treasurer v. Bankers Ins. Co., 694 So.2d 70 (Fla. 1st DCA 1997). An agency can only do what it is authorized to do by the Legislature. Id. An agency's interpretation of the statute it administers is entitled to deference. Id. However, an appellate court can overturn the agency's interpretation of a statute if the interpretation is clearly erroneous. Department of Natural Res. v. Wingfield Dev. Co., 581 So.2d 193 (Fla. 1st DCA 1991).
The plain language of section 458.331(1)(b), Florida Statutes (1999), provides that a violation of the Medical Practice Act occurs when a physician's "license or the authority to practice medicine [is] revoked, suspended, or otherwise acted against, including the denial of licensure, by the licensing authority of any jurisdiction, including its agencies or subdivisions." Similarly, a violation of section 458.331(1)(kk), Florida Statutes (1999), occurs when a physician fails to inform the Board of the action referred to in section 458.331(1)(b), Florida Statutes (1999). Section 120.52(9), Florida Statutes (1999), defines a license as a "franchise, permit, certification, registration, charter, or similar form of authorization required by law, but it does not include a license required primarily for revenue purposes when issuance of the license is merely a ministerial act." Section 458.305(3), Florida Statutes (1999), defines the practice of medicine as "the diagnosis, treatment, operation, or prescription for any human disease, pain, injury, deformity, or other physical or mental condition."
This Court has generally adopted a narrow reading of professional disciplinary statutes, noting that disciplinary statutes *635 are penal in nature and must be strictly construed, with any ambiguity interpreted in favor of the licensee. See, e.g., Elmariah v. Department of Prof'l Regulation, 574 So.2d 164 (Fla. 1st DCA 1990). In Elmariah, this Court held that false statements made by a physician on an application for staff privileges at a hospital did not constitute "making deceptive, untrue, or fraudulent representations in the practice of medicine" as proscribed by section 458.331(1)(l), Florida Statutes (1983). Id. at 165. Further, in Lester v. Department of Professional and Occupational Regulations, 348 So.2d 923 (Fla. 1st DCA 1977), this Court held that a physician's allegedly receiving "kick-backs" from a hospital did not constitute "unprofessional conduct" within the meaning of section 458.1201(1)(m), Florida Statutes (1977), which allowed discipline of a physician who was
guilty of immoral or unprofessional conduct, incompetence, negligence, or willful misconduct. Unprofessional conduct shall include any departure from, or the failure to conform to, the standards of acceptable and prevailing medical practice in his area of expertise as determined by the board, in which proceeding actual injury to a patient need not be established; when the same is committed in the course of his practice, whether committed within or without this state.
Lester, 348 So.2d at 924-25.
A plain reading of the statute at issue reveals the Board's determination that Ocampo's exclusion from all federal health care programs violates section 458.331(1)(b), Florida Statutes (1999), is clearly erroneous. First, DOH does not dispute that the only privilege taken away from Ocampo by his exclusion from federal health care programs is the entitlement to bill the federal government, which is not included in Florida's definition of the "practice of medicine." § 458.305(3), Fla. Stat. (1999). Thus, Ocampo still has the same authority to practice medicine as he did prior to the exclusion. While it may affect Ocampo's ability to practice medicine because some patients will most likely be forced to go elsewhere, it does not affect his authority. Further, DOH does not dispute that a Medicare provider number is not a license pursuant to section 120.52(9), Florida Statutes (1999). Thus, while the federal government may be a licensing authority for certain purposes, it is not "the" licensing authority for purposes of section 458.331(1)(b), Florida Statutes (1999), because it has not licensed Ocampo.
As Ocampo was improperly disciplined for a violation of section 458.331(1)(b), Florida Statutes (1999), it follows that the discipline imposed for the violation of section 458.331(1)(kk), Florida Statutes (1999), was also improper. Both charges should have been dismissed. In so concluding, we decline to address the remaining issues presented by Ocampo. Accordingly, DOH's final order disciplining Ocampo is reversed.
ALLEN, C.J., and MINER, J., concur.