904 So.2d 610 (2005)
BIG BEND HOSPICE, INC., Appellant,
v.
AGENCY FOR HEALTH CARE ADMINISTRATION and Covenant Hospice, Inc., Appellees.
No. 1D03-1497.
District Court of Appeal of Florida, First District.
June 20, 2005.
W. David Watkins and Karl David Acuff of Watkins & Caleen, P.A., Tallahassee, for Appellant.
Garnett W. Chisenhall, Deputy Appellate Counsel, Tallahassee, for Appellee Agency for Health Care Administration.
*611 J. Robert Griffin, Tallahassee, for Appellee Covenant Hospice, Inc.
VAN NORTWICK, J.
Big Bend Hospice, Inc., challenges two final orders of the Agency for Health Care Administration (AHCA) which adopted in full recommended orders from the Division of Administrative Hearings. The first of these final orders finds, and thereby reaffirms a finding by AHCA, that the fixed need pool for a hospice in the service area designated as SA 2B for the January 2003 planning horizon is one. The second final order grants a Certificate of Need to Covenant Hospice, Inc., to operate a hospice in SA 2B. We affirm as to all issues raised regarding both final orders and write only to articulate the standard of review in appeals from administrative proceedings involving certificates of need.
As we explained in Cone v. State, Dep't of Health, 886 So.2d 1007, 1009 (Fla. 1st DCA 2004), a review of an order of an administrative agency begins "with the usual recognition of deference to an agency's interpretation of a statute it is charged to administer." See also Ocampo v. Dep't of Health, 806 So.2d 633, 634 (Fla. 1st DCA 2002); Florida Dep't of Ins. & Treasurer v. Bankers Ins. Co., 694 So.2d 70 (Fla. 1st DCA 1997). However, a reviewing court can overturn the agency's interpretation of a statute if the interpretation is clearly erroneous. Id.; see also Ocampo, 806 So.2d at 634; Dep't of Natural Res. v. Wingfield Dev. Co., 581 So.2d 193 (Fla. 1st DCA 1991).
In addition to this rule of deference, our review is governed by section 120.68, Florida Statutes (2001), which provides that a reviewing court may set aside agency action when it finds that the action is dependent on any finding of fact that is not supported by substantial competent evidence in the record, on a material error in procedure, on an incorrect interpretation of law, or otherwise constitutes an abuse of discretion. See Legal Envtl. Assistance Found., Inc. v. Clark, 668 So.2d 982 (Fla.1996).
AHCA argues that the standard of review in appeals of orders regarding certificates of need is governed exclusively by section 408.039(6)(b), Florida Statutes (2001), which provides that the reviewing court "shall affirm the final order of the agency, unless the decision is arbitrary, capricious, or not in compliance with ss. 408.031-408.045 [the Health Facility and Development Act]." AHCA argues that, by this statute, the Legislature has determined that final orders relating to certificates of need are to be accorded more deference than agency orders are generally accorded under section 120.68. We cannot agree.
We read section 408.039(6)(b) in pari materia with section 120.68(7) and conclude that section 408.039(6)(b) is simply a restatement of the standard of review set forth in section 120.68(7) generally. Therefore, in reviewing final orders of AHCA which concern certificates of need, AHCA will be accorded the same degree of deference an agency is accorded when we review its interpretation of a statute which it is charged with administrating. See Cone v. State, Dep't of Health, 886 So.2d at 1009.
The final orders are AFFIRMED.
ALLEN and BROWNING, JJ., concur.