WETHERELL, J.
Appellant filed a complaint against the Panama City Housing Authority (Authority) alleging that he was fired in violation of the Whistle-blower’s Act, sections 112.8187 through 112.31895, Florida Statutes (2008). The trial court granted summary judgment in favor of the Authority, finding that the disclosures made by Appellant were not protected under the Act because they were not made to the chief executive officer of the Authority or “other appropriate local official” as required by section 112.3187(6). We agree and affirm.
The material facts are not in dispute. The Authority was established pursuant to Chapter 421, Florida Statutes, as the low-income housing agency for the city of Panama City, and it is a “local government entity” for purposes of the Whistle-blower’s Act. Appellant was hired by the Authority as a maintenance worker in August 2007. In late-April or early-May of 2008, Appellant submitted a written complaint to the U.S. Department of Housing and Urban Development (HUD) in which he alleged that he was not being paid at the same rate as other maintenance workers. Appellant did not submit this complaint to the Authority’s executive director, its board of directors, or anyone else at the Authority. Appellant was laid-off in November 2008, after which he filed suit under the Whistle-blower’s Act alleging that his termination was in retaliation for his disclosures to HUD.
Based on these undisputed facts, the narrow legal issue framed by this appeal is whether HUD is an “other appropriate local official” for purposes of section 112.3187(6). We conclude that it is not for the reasons that follow.
Section 112.3187(6) specifies “to whom information [must be] disclosed” in order to be protected under the Whistle-blower’s *689 Act. The first sentence of the statute provides:
The information disclosed under this section must be disclosed to any agency or federal government entity having the authority to investigate, police, manage, or otherwise remedy the violation or act, including, but not limited to, the Office of the Chief Inspector General, an agency inspector general or the employee designated as agency inspector general under s. 112.3189(1) or inspectors general under s. 20.055, the Florida Commission on Human Relations, and the whistle-blower’s hotline created under s. 112.3189.
§ 112.3187(6), Fla. Stat. (2008). The second sentence provides:
However, for disclosures concerning a local governmental entity, including any regional, county, or municipal entity, special district, community college district, or school district or any political subdivision of any of the foregoing, the information must be disclosed to a chief executive officer as defined in s. 447.203(9) or other appropriate local official.
Id. (emphasis added). The two sentences are joined by the conjunctive adverb “however,” which, in this context, means “in contrast” and evinces a clear legislative intent that different disclosure requirements than those provided in the first sentence of the statute apply when the disclosure concerns a local government entity.
This grammatical interpretation of the statute is consistent with its legislative history. Prior to 1992, a disclosure concerning any government entity — state or local — was protected if it was made “to any agency or federal government entity having the authority to investigate, police, manage, or otherwise remedy the reported violation.” § 112.3187(6), Fla. Stat. (1986 Supp.-1991). In 1992, the statute was amended to add the second sentence requiring disclosures concerning a local government entity to be reported to the “chief executive officer or other appropriate official.” See Ch. 92-316, § 12, Laws of Fla. Then, in 1993, this language was amended to clarify that the disclosure must be made to an “appropriate local official.” See Ch. 93-57, § 1, Laws of Fla. Thus, after the 1992 and 1993 amendments, a disclosure concerning a state agency is protected if disclosed to a state or federal government entity having authority to investigate or correct the violation, but a disclosure local government entity is protected only if it is reported to the entity’s “chief executive officer ... or other appropriate local official.”
The parties did not cite, nor did our research locate any Florida appellate decisions interpreting the phrase “other appropriate local official.” However, the phrase has been the subject of several Attorney General Opinions. See Op. Att’y Gen. Fla. 2012-20 (2012) (indicating that transit authority board of directors could be appropriate local official to receive and investigate whistle-blower complaints); Op. Att’y Gen. Fla.2010-48 (2010) (noting that county designated inspector general and executive director of county ethics commission as appropriate local officials); Op. Att’y Gen. Fla. 99-07 (1999) (stating that county inspector general qualified as an appropriate local official); Op. Att’y Gen. Fla. 96-40 (1996) (finding city’s ethics commission was an appropriate local official under the statute because it could investigate and take corrective action). The common element in these opinions is that the person or entity deemed to be an “other appropriate local official” was affiliated with the local government in some way. See also Burden v. City of Opa Locka, 2012 WL 4764592, at *13 (S.D.Fla. Oct.7, 2012) (con- *690 eluding that the city’s human resources director and assistant city manager are “appropriate local officials” because, like the officials and entities described in the Attorney General Opinions, they were empowered to investigate complaints and make reports or recommend corrective action). This is consistent with the plain language of section 112.3187(6), which as noted above, unambiguously refers to an appropriate local official.
Appellant relies on Harris v. District Board of Trustees of Polk Community College, 9 F.Supp.2d 1319 (M.D.Fla.1998), for the proposition that the phrase “other appropriate local official” is not limited to county or municipal officials. In Harris, the plaintiffs were fired after reporting alleged statutory and rule violations concerning the operation of a community college’s criminal justice training program to the Florida Department of Law Enforcement (FDLE). Id. at 1322-23. The plaintiffs sued, alleging among other things, a violation of the Whistle-blower’s Act. Id. at 1323. The college moved to dismiss the whistle-blower’s count on the ground that the disclosures made by the plaintiffs were not made to the college’s chief executive officer or other appropriate local official as required by section 112.3187(6). Id. at 1328. The federal district court denied the motion, concluding that FDLE was an appropriate local official for purposes of the statute because it had administrative authority over the training program. Id. (noting that pursuant to Chapter 943, Florida Statutes, “FDLE is responsible for the administration of criminal justice schools and is empowered to certify and revoke certification of officers, instructors, and schools”).
We do not find the analysis in Harris persuasive because it is inconsistent with the plain language of the section 112.3187(6). FDLE is a state agency, not a local official. The fact that FDLE had administrative authority over the college’s training program might have been relevant prior to 1992 or if the first sentence of section 112.3187(6) applied; however, because the plaintiffs’ disclosures concerned a community college, the second sentence of the statute applied and specifically required the disclosure to be made to an appropriate local official. Moreover, even if Harris was correct that FDLE was an “other appropriate local official” under the circumstances of that case, it does not follow that HUD would fall within this phrase because HUD is a federal agency, which as far as we can determine, has no administrative or enforcement power over the Authority.
Likewise, we do not find persuasive Appellant’s argument that section 112.3187(6) must be liberally construed to afford him protection for his disclosures to HUD. We recognize that the Florida Supreme Court has stated that the Whistle-blower’s Act is a remedial act that should be construed liberally to effectuate its purposes, see Irven v. Department of Health & Rehabilitative Services, 790 So.2d 403,405-06 (Fla.2001); however, it is not necessary or appropriate to resort to that principle of statutory construction when the language at issue is unambiguous. Indeed, as then-Judge Canady explained for the court in Gallagher v. Manatee County: “The rule of liberal statutory construction ... comes into play only when there is some ambiguity in the statutory text. The rule cannot be used to defeat the plain meaning of the statute.” 927 So.2d 914, 919 (Fla. 2d DCA) (footnote omitted), rev. denied, 937 So.2d 665 (Fla.2006).
Here, as our sister court recognized in Kelder v. ACT Corporation, there is nothing ambiguous about section 112.3187(6). See 650 So.2d 647, 649 (Fla. 5th DCA 1995) (construing the first sentence of the stat *691 ute). The statute specifies to whom disclosures must be made, and for disclosures concerning a local government entity such as the Authority, the statute explicitly states that the disclosure must be made to the chief executive officer or other appropriate local official. This clear mandate leaves no room for interpretation, and because it is undisputed that Appellant did not make his disclosures to the Authority’s executive director or anyone else who might qualify as an “other appropriate local official,” he was not entitled to the protections of the Whistle-blower’s Act. Accordingly, the trial court properly granted summary judgment in favor of the Authority.
AFFIRMED.
CLARK and MAKAR, JJ., concur.