WALLACE, WADDELL A., Associate Judge.
Appellant, Ranell Tillery, Jr., seeks review of the final order of the Florida Commission on Human Relations (Commission) dismissing his complaint against Appellee, the Florida Department of Juvenile Justice (DJJ), under the Whistle-blower’s Act, sections 112.3187 through 112.31895, Florida Statutes (2011) (the Act). We affirm the dismissal order and write to address the *1254 Commission’s peremptory handling of Till-ery’s complaint in light of its role in effectuating the remedial purposes of the Act.
On July 1, 2011, Tillery was terminated from his employment with the DJJ. On August 24, 2011, Tillery filed a letter with the Commission, asserting that the DJJ violated the Act by terminating him because of a whistle-blower disclosure he had made. The prior whistle-blower disclosure purportedly involved the DJJ’s “lying and covering up racial comments in the workplace.” Tillery’s August 24 letter was signed, provided the name and contact information of his attorney, and requested the full relief to which he was entitled under applicable law. The letter did not include to whom Tillery reported the prior whistle-blower complaint or when the prior complaint was reported.
On August 26, 2011, two days after he transmitted his complaint, the Commission notified Tillery that it had received the complaint, but was unable to take action upon the claim because the facts alleged in the complaint did “not adequately describe the previous whistle-blower disclosure.” The notification informed Appellant that he had the right to seek judicial review of the decision in the appropriate district court of appeal within 30 days.
The Commission is charged with implementing the protections contained in the Act. § 112.31895(3)(a), Fla. Stat. (2011). Therefore, “a review of an order of an administrative agency begins with the usual recognition of deference to an agency’s interpretation of a statute it is charged to administer.” Big Bend Hospice, Inc. v. Agency for Health Care Admin., 904 So.2d 610, 611 (Fla. 1st DCA 2005) (quoting Cone v. State Dep’t of Health, 886 So.2d 1007, 1009 (Fla. 1st DCA 2004)). Nevertheless:
a reviewing court can overturn the agency’s interpretation of a statute if the interpretation is clearly erroneous. Additionally, Section 120.68, Florida Statutes (2003), provides that a reviewing court may set aside agency action when it finds that the action is dependent on any finding of fact that is not supported by substantial competent evidence in the record, on a material error in procedure, on an incorrect interpretation of law, or otherwise constitutes an abuse of discretion.
Id. (internal quotation and citation omitted).
The Legislature created the Act “to prevent agencies ... from taking retaliatory action against any person who discloses information to an appropriate agency alleging improper use of governmental office, gross waste of funds, or any other abuse or gross neglect of duty on the part of an agency, public officer, or employee.” § 112.3187(2), Fla. Stat. (2011). The Act provides that in order for whistle-blower protections to apply, “[t]he information disclosed under this section must include ... any act or suspected act of gross mismanagement, malfeasance, misfeasance, gross waste of public funds ... or gross neglect of duty committed by an employee or agent of an agency or independent contractor.” § 112.3187(5)(b), Fla. Stat. To come under the aegis of the Act, the information “must be disclosed to any agency or federal government entity having the authority to investigate, police, manage, or otherwise remedy the violation or act, including, but not limited to ... the Florida Commission on Human Relations ...” § 112.3187(6), Fla. Stat. The “Remedies” portion of the Act states that, “[a]ny employee ... with any state agency ... who is discharged ... or denied employment, because he or she engaged in an activity protected by this section may file a complaint, which complaint must be made in *1255 accordance with § 112.31895.” § 112.3187(8)(a), Fla. Stat.
The Act further establishes that:
[I]f a disclosure under § 112.3187 includes or results in alleged retaliation by an employer, the employee or former employee of ... a state agency ... may file a complaint alleging prohibited personnel action, which complaint must be made by filing a written complaint with ... the Florida Commission on Human Relations, no later than 60 days after the prohibited personnel action.
§ 112.31895(l)(a), Fla. Stat. (2011).
Upon receipt of a proper complaint alleging any personnel action that is prohibited by the Act, the Commission shall, within three days, acknowledge receipt and send copies to the other parties named in the complaint, conduct informal fact-finding regarding the allegation, and, within 90 days, provide the agency head and complainant with a fact finding report that may include recommendations for resolution of the conflict. § 112.31895(1) — (2), Fla. Stat. If the complaint remains unresolved for 60 days following the issuance of the fact finding report, the Commission shall terminate the investigation. § 112.31895(3)(d), Fla. Stat. When the complainant receives notice that the Commission has terminated its investigation, he may either file a complaint with the Public Employees Relations Commission pursuant to section 112.31895(4)(a), or institute a civil action in an appropriate circuit court within 180 days. § 112.3187(8)(a), Fla. Stat.
In this case, Tillery failed to satisfy the complaint requirements contained in section 112.31895(l)(a) of the Florida Statutes. Tillery’s complaint alleges that the DJJ retaliated against him for whistle-blower disclosures he made about the DJJ. Assuming, arguendo, that the allegations of lying and covering up racial comments in the workplace satisfy the first complaint requirement, Tillery has offered nothing to show that he made the prior disclosures to an appropriate authority. Tillery fails to allege when or to whom he made the prior whistle-blower disclosures. Accordingly, his complaint does not meet the prima facie elements necessary to initiate operation of the Act. See § 112.3187(6), Fla. Stat.; see also Fla. Admin. Code R. 60Y-5.001(6) (2011); Quintini v. Panama City Housing Authority, 102 So.3d 688 (Fla. 1st DCA 2012). Because operation of the Act was never initiated, the Commission, which can only investigate claims covered by the Act, had no statutory authority to proceed with a fact-finding investigation regarding Tillery’s allegations. Therefore, the Commission had the inherent authority to dismiss Tillery’s complaint. See Robinson v. Department of Health, 89 So.3d 1079, 1082-83 (Fla. 1st DCA 2012) (holding that the Commission had the inherent authority to dismiss an untimely whistle-blower’s complaint because such authority was “necessarily incident to its power to review timely complaints”).
Tillery points out in his Reply Brief that the Commission’s administrative rules grant a complainant the right “reasonably and freely” to amend his complaint within 60 days of filing to “cure technical defects, or omissions, including verification, or to clarify and amplify allegations made therein.” Fla. Admin. Code R. 60Y-5.001(7). Such amendments will relate back to the date the original complaint was filed. Id. At first blush, Tillery appears to present a valid argument that the Commission denied him the right to amend, and that the dismissal was unfair and unwarranted in light of these amendment rules. Unfortunately for Tillery, he neglected to include this argument in his Initial Brief. As we have previously stated, an argument not raised in an initial brief is waived and may *1256 not be raised for the first time in a reply brief. Goings v. State, 76 So.3d 975, 980 (Fla. 1st DCA 2011). Thus, this issue is not before us on appeal.
Because Tillery’s complaint failed to allege a whistle-blower claim, none of the duties and obligations normally attendant to handling such claims applied in this case. Correspondingly, the Commission was correct in declining to issue Tillery a notice of termination of investigation. As Tillery was not entitled to a notice of termination of investigation from the Commission, he had no right to pursue a remedy in the circuit court. The route to circuit court is opened to a whistle-blower complainant only after he receives notice of termination of investigation from the Commission. § 112.31895(3)(b), Fla. Stat.; see also Univ. of Cent. Fla. Bd. of Trs. v. Turkiewicz, 21 So.3d 141, 145 (Fla. 5th DCA 2009) (finding, that the Act requires an aggrieved party who wishes to pursue a legal remedy to first file a complaint with the Commission). Thus, the Commission committed no error by not informing Till-ery of a right which he did not have. Under these facts, the only opportunity Tillery had for review of the Commission’s dismissal of his cpmplaint was in this court, notice of which was included in the order of dismissal. Accordingly, we affirm the Commission’s order.
While affirming the dismissal, we do not approve of the Commission’s failure to offer Tillery an opportunity to amend his complaint or notify him of his opportunity to do so under Florida Administrative Code Rule 60Y-5.001(7). By analogy, if this were a civil action before a circuit court, it would be appropriate to dismiss Tillery’s complaint, but leave to amend likely would be required. See Lambrix v. Dugger, 547 So.2d 1265 (Fla. 1st DCA 1989). In the future, we trust that the Commission will follow its rules and afford complainants a reasonable opportunity to amend deficient complaints, particularly considering the remedial purposes of the Act.
The Legislature’s intent is not served when the Commission dismisses complaints in such a manner that complainants are unaware of or precluded from correcting deficiencies in their complaints. Orders of dismissal should expressly address a complainant’s right to amend under the Commission’s rules. In this way, whistle-blowers will have a chance to remedy any technical deficiencies in their otherwise potentially valid complaints, and the Commission will receive the information it requires to fulfill its duties under the Act.
The Commission’s order is AFFIRMED.
WETHERELL, and MAKAR, JJ., concur.