SWANSON, J.
Appellant, Brian Stanton, seeks review of the Florida Commission on Human Relations’ final order dismissing his whistle- *1084 blower complaint filed against appellee, the Florida Department of Health. The Commission ruled it lacked jurisdiction to investigate the claim under Florida’s “Whistle-blower’s Act” (“the Act”) found in sections 112.3187 through 112.31895, Florida Statutes (2011). We affirm for the reasons cited in our recent decision in Tillery v. Florida Department of Juvenile Justice, 104 So.3d 1253 (Fla. 1st DCA 2013).
In his complaint, appellant alleged that in April 2010 he reported “in writing the misuse of funds” by his “Program Director/Regional Coordinator” and his “Supervisor/Health Center Administrator,” and, thereafter, “in retaliation” following the start of an “internal investigation,” “a hostile work environment ensued,” which followed him throughout several transfers and ultimately resulted in his termination for “contrived allegations and reasons,” and as “a direct result of his prior Whistle Blower reporting.” In a letter dismissing the complaint, the Commission informed appellant it was “in receipt of [his] complaint alleging retaliation for engaging in protected whistleblower activity,” but was “unable to take action upon this claim because [appellant] failed to plead any factual basis for [his] allegation that actions taken by [appellee] were motivated by [appellant’s] April 2010 disclosures.” The Commission’s letter went on to inform appellant of his right to seek judicial review of its decision by filing an appeal within thirty days in the “appropriate District Court of Appeal.” Appellant filed his appeal and now argues (1) the Commission did not have the discretion to dismiss his complaint without first following the fact-finding and notice procedures mandated in section 112.31895, Florida Statutes (2011); (2) his complaint alleged violations of the Act; and (3) the Commission erred in failing to advise appellant of his right to file a complaint in Circuit Court.
In Tillery, we rejected arguments similar to those now raised by appellant after conducting a comprehensive review of the obligations and duties imposed on both a whistle-blower complainant and the Commission under the Act and the Commission’s own rules.[1] In short we held, where a complaint “does not meet the prima facie elements necessary to initiate the operation of the Act,” the Commission, “which can only investigate claims covered by the Act, had no statutory authority to proceed with a fact-finding investigation” regarding the complainant’s allegations. 104 So.3d 1253. As we did in Tillery, we conclude here that appellant’s complaint likewise “failed to satisfy the complaint requirements contained in section 112.31895(l)(a) of the Florida Statutes,” id. at 1255, by alleging only conclusory allegations of retaliation based on appellant’s alleged disclosure, contrary to the provisions of section 112.3187(4), Florida Statutes (2011). Moreover, as relates to appellant’s “disclosure,” we note the complaint fails to demonstrate that the “supervisor,” to whom appellant disclosed the alleged unlawful behavior, possessed the necessary authority to investigate the matter, as mandated by section 112.3187(6). Therefore, according to Tillery, the Commission “had the inherent authority to dismiss [appellant’s] complaint.” Id. at 1255 (citing Robinson v. Dep’t of Health, 89 So.3d 1079, 1082-83 (Fla. 1st DCA 2012) (holding the Commission had the inherent authority to dismiss an untimely whistle-blower’s complaint because such authority was “necessarily incident to its power to review timely complaints”)).
Moreover, as regards appellant’s argument concerning the Commission’s *1085 failure to advise him of his right to file a complaint in circuit court, Tillery said this:
Because Tillery’s complaint failed to allege a whistle-blower claim, none of the duties and obligations normally attendant to handling such claims applied in this case. Correspondingly, the Commission was correct in declining to issue Tillery a notice of termination of investigation. As Tillery was not entitled to a notice of termination of investigation from the Commission, he had no right to pursue a remedy in the circuit court. The route to circuit court is opened to a whistle-blower complainant only after he receives notice of termination of investigation from the Commission. § 112.31895(8)(b), Fla. Stat.... Thus, the Commission committed no error by not informing Tillery of a right which he did not have. Under these facts, the only opportunity Tillery had for review of the Commission’s dismissal of his complaint was in this court, notice of which was included in the order of dismissal.
Id. (citation omitted). The same may be said of appellant’s claim.
Lastly, in a single sentence found on the penultimate page of his initial brief, appellant claims he “never got the chance to amend his claim if it was deficient.” As we recognized in Tillery, the Commission’s administrative rules grant a complainant the right “‘reasonably and freely’” to amend his complaint within sixty days of filing to “ ‘cure technical defects, or omissions, including verification, or to clarify and amplify allegations made therein.’” Id. (quoting Fla. Admin. Code R. 60Y-5.001(7)). We concluded, “at first blush,” that Tillery appeared to present a valid argument “that the Commission denied him the right to amend, and that the dismissal was unfair and unwarranted in light of these amendment rules.” Id. Tillery, however, neglected to include this argument in his initial brief but, instead, raised it for the first time in his reply brief. Consequently, we ruled he had waived the argument and the issue, thus, was not before us on appeal. Here, in contrast, appellant did make this point in his initial brief, but in a highly perfunctory manner, without providing any supporting argument or authority. It is a well-established maxim of appellate practice that “[c]laims for which an appellant has not presented any argument, or for which he provides only conclusory argument, are insufficiently presented for review and are waived.” Hammond v. State, 34 So.3d 58, 59 (Fla. 4th DCA 2010). As the Florida Supreme Court announced decades ago in Lynn v. City of Ft. Lauderdale, 81 So.2d 511(Fla.1955):
It is elementary that when a decree of the trial court is brought here on appeal the duty rests upon the appealing party to make error clearly appear.... An appellant does not discharge this duty by merely posing a question with an accompanying assertion that it was improperly answered in the court below and then dumping the matter into the lap of the appellate court for decision. Under such circumstances it must be held, as we now hold here, that we are under no duty to answer the question.
Id. at 513 (citation omitted). Accord Greenwood v. State, 754 So.2d 158, 160 (Fla. 1st DCA 2000) (declining to consider an issue “addressed in one sentence”); Henderson v. State, 569 So.2d 925, 927 (Fla. 1st DCA 1990) (ruling a “perfunctory argument” made by the appellant did not “properly preserve[] and present[]” the issue for review in the appeal). We hold the same to be true in the instant appeal. However, we repeat the admonition we pronounced in Tillery: “In the future, we trust that the Commission will follow its *1086 rules and afford complainants a reasonable opportunity to amend deficient complaints, particularly considering the remedial purposes of the Act.” 104 So.3d at 1256.
The Commission’s order is AFFIRMED.
MARSTILLER, and RAY, J.J., concur.

. See Florida Administrative Code Rules 60Y-5 and 60Y-11 (2011).