CEDRIC JOHNSON,

     Appellant,

v.

FLORIDA DEPARTMENT OF
CORRECTIONS,

     Appellee.

IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-3881

_____/

Opinion filed May 6, 2016.

An appeal from final order of the Florida Commission on Human Relations.

Marie A. Mattox and Lisa C. Lambert of Marie A. Mattox, P.A., Tallahassee, for
Appellant.

M. Lilja Dandelake, Assistant General Counsel, Tallahassee, for Appellee.

PER CURIAM.

     Cedric Johnson, Appellant, seeks review of the final agency action of the

Florida Commission on Human Relations (Commission) dismissing his complaint

against Appellee, the Florida Department of Corrections (Department), for violations of Florida's Whistle-Blower's Act. Appellant contends that the Commission erred when it summarily dismissed his complaint claiming that it lacked the authority to investigate the complaint after the Commission had offered him a chance to amend or clarify the complaint. Appellant contends that his complaint was timely and that his amended complaint complied with the Commission's request for additional information. The Department alleges that Appellant's original and amended complaints were not timely filed, and therefore the Commission did not have the authority to investigate Appellant's claims. Because the Commission improperly dismissed Appellant's complaint, we reverse the dismissal and remand for proceedings consistent with this opinion.

### *Facts*

On March 9, 2015, Appellant filed a Whistle-Blower Retaliation Charge of Discrimination with the Commission, alleging that the most recent or continuing adverse action took place on January 5, 2015. In response, the Commission sent Appellant a Notice of Right to Amend, which indicated that the complaint was not sufficient for the Commission to initiate its investigation because Appellant did not "identify a timely date of harm under the Act." The notice also provided the following language regarding timeliness:

2

Pursuant to Rule 60Y-5.001(7), Florida Administrative Code, a complaint may be amended within 60 days after the initial filing to cure technical defects and omissions and to clarify and amplify allegations.

Be advised, a complaint of Whistle-blower's retaliation must be filed with the Commission within 60 days of the last alleged date of harm. The right to amend period does not extend the 60-day filing deadline, and a delay may result in the complaint being untimely.

**You have until Friday, May 8, 2015 to amend your complaint.**

Appellant filed an amended complaint on April 20, 2015, alleging, among other things, that a disciplinary hearing was held on January 5, 2015, but "[t]he final decision regarding [Appellant's suspension] without pay was made on January 18, 2015." On June 11, 2015, the Commission served Appellant with a notice of dismissal, signed by Michelle Wilson, the Executive Director of the Commission. The notice provided, in pertinent part, the following:

The Commission previously notified you the information in your complaint was insufficient to begin its investigation. Pursuant to Rule 60Y-5.001(7), Florida Administrative Code, you were given 60 days to reasonably amend your complaint to cure the identified technical defects and omissions or to clarify and amplify your allegations. Considering all information received, the Commission does not have authority to investigate, and the complaint will be dismissed.

Pursuant to the authority vested in me by the Florida Statutes and Rule 60Y-5.006, Florida Administrative Code, I hereby dismiss the above-referenced complaint on behalf of the Florida Commission on Human Relations.

3

*Analysis*

Appellant argues that because he amended his complaint within sixty days of filing it, the Commission erred in summarily dismissing his complaint. The Department argues that Appellant's amended complaint was untimely and the Commission lacked the authority to investigate it, because the sixty-day right-to-amend period does not extend the sixty-day filing deadline required by section 112.3187, Florida Statutes.

Our "review of an order of an administrative agency begins 'with the usual recognition of deference to an agency's interpretation of a statute it is charged to administer.'" Big Bend Hospice, Inc. v. Agency for Health Care Admin., 904 So. 2d 610, 611 (Fla. 1st DCA 2005) (quoting Cone v. State, Dep't of Health, 886 So. 2d 1007, 1009 (Fla. 1st DCA 2004)). "However, a reviewing court can overturn the agency's interpretation of a statute if the interpretation is clearly erroneous." Id.

The nature of the Whistle-Blower Act is remedial. See Tillery v. Florida Dep't of Juvenile Justice, 104 So. 3d 1253, 1256 (Fla. 1st DCA 2013). This Court has noted that dismissals of whistle-blower complaints "should expressly address a complainant's right to amend," which provides whistle-blowers with "a chance to remedy any technical deficiencies in their otherwise potentially valid complaints," and provides the Commission with "the information it requires to fulfill its duties under the Act." Id.

Section 112.3187(8)(a), Florida Statutes (2014), states that any employee of a state agency "who is discharged, disciplined, or subjected to other adverse personnel action, or denied employment, because he or she engaged in an activity protected by [the Whistle-blower's Act] may file a complaint" in accordance with section 112.31895. Section 112.31895(1)(a) provides that an affected employee may file a written complaint "alleging a prohibited personnel action, . . . with . . . the Florida Commission on Human Relations, no later than 60 days after the prohibited personnel action."

Rule 60Y-5.001(7) governs amendments to complaints filed with the Commission under the Whistle-Blower's Act. See Fla. Admin. Code R. 60Y-11.005 (stating that other rules adopted by the Commission, "namely Chapters 60Y-3, 60Y-4 and 60Y-5, F.A.C.," govern proceedings under the Whistle-Blower's Act). It provides the following:

(7) Amendments.

(a) A complaint may be reasonably and fairly amended within 60 days after filing and, thereafter, for good cause with the consent of the Executive Director.

(b) **A complaint may be amended to cure technical defects, or omissions, including verification, or to clarify and amplify allegations made therein. Such amendments and amendments which describe an additional unlawful employment practice related to or growing out of the subject matter of the original complaint will relate back to the date the complaint was first received.**

(c) An amendment adding or changing a respondent will relate back to the date the complaint was first received if, within the period provided

5

by subsection (2), the new respondent (i) has received such notice of the filing of the complaint as is sufficient to avoid prejudice in a defense on the merits, and (ii) knew or should have known that, but for a mistake concerning identity of the proper respondent, the complaint would have been filed against the new respondent.

(emphasis added). See also Tillery, 104 So. 3d at 1255 (acknowledging that an administrative complaint in a whistle-blower case relates back to the date the original complaint was filed, but declining to decide the appeal on the basis of this rule due to the appellant's failure to raise the issue in his initial brief).

In the instant case, the Department does not argue that Appellant's complaint was dismissed for any reason other than the reason provided by the Commission in the first notice Appellant received: that a timely date of harm had not been identified. The Commission's dismissal notice fails to provide a specific reason for dismissing Appellant's complaint; instead it vaguely states "[c]onsidering all information received, the Commission does not have authority to investigate" and cites generally to Rule 60Y-5.006, Florida Administrative Code, without pointing to a specific subsection.

Because the Department does not claim that there is some other reason for the dismissal, such as a failure to satisfy the pleading requirements in the amended complaint, we are left to assume that the reason for the dismissal was that the Commission believed the complaint to be untimely, which was the only identified

6

defect provided in the original notice giving Appellant the opportunity to amend his complaint.

According to the plain language of Rules 60Y-5.001(7)(a) and (b), Florida Administrative Code, complaints may be amended, within sixty days of the filing of the complaint, to "cure technical defects, or omissions, including verification, or to clarify and amplify allegations." Those amendments "will relate back to the date the original complaint was filed." Fla. Admin. Code R. 60Y-5.001(7)(b). Appellant's original complaint was filed March 9, 2015. His amended complaint was filed April 20, 2015, indicating that the most recent date of adverse action against Appellant took place January 18, 2015. Pursuant to Rule 60Y-5.001(7)(b), the amended complaint related back to March 9, 2015. The time period between January 18, 2015 and March 9, 2015, is only fifty days, which is clearly within the sixty-day time period in which to file timely complaints.

The statutes governing the Whistle-blower's Act, sections 112.31895 and 112.3187, do not mention amendments to complaints. They specify only that a complaint must be made within sixty days. The Department cites to only section 112.3187, without pointing to a subsection, for support that the amendment period does not extend the sixty-day period to file a complaint. However, Rule 60Y-5.001(7)(b) explains that amendments relate back to the date of the original complaint.

7

We conclude that Appellant's amended complaint related back to the date of his original complaint. Because less than sixty days passed between the date of the last date of adverse action alleged in the amended complaint and the date his complaint was deemed to have been filed, Appellant's complaint was timely. Accordingly, we REVERSE the Commission's summary dismissal of Appellant's complaint and REMAND for proceedings consistent with this opinion.

BILBREY and JAY, JJ., and McCALLUM, LINDA, ASSOCIATE JUDGE, CONCUR.