# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-3596
_____

TR & SNF, INC. d/b/a THE
NURSING CENTER AT UNIVERSITY
VILLAGE,

     Appellant,

     v.

AGENCY FOR HEALTH CARE
ADMINISTRATION,

     Appellee.

_____

On appeal from the Agency for Health Care Administration.

March 8, 2018

PER CURIAM.

In this administrative appeal, a nursing home seeks review of the final order revoking its license for violating section 408.810(8), Florida Statutes (2014), by "not *timely* provid[ing] the requested proof" of its financial ability to operate to the Agency for Health Care Administration. We summarily reject the nursing home's argument that the Agency did not have grounds to request the proof, but we agree with the nursing home that the Agency did not have the authority to revoke its license solely because it did not *timely* provide the requested proof.

Section 408.810(8) requires the licensee to provide proof of its financial ability to operate upon request of the Agency, but the statute does not establish a timeframe within which the proof must be provided. Thus, while the failure to provide the requested proof at all would be a violation of the statute that could justify a license revocation,[1] the mere failure to *timely* provide it is not. *See Ocampo v. Dep't of Health*, 806 So. 2d 633, 634-35 (Fla. 1st DCA 2002) (explaining that disciplinary statutes must be strictly construed with any ambiguity interpreted in favor of the licensee). The fact that an Agency employee sent the nursing home a letter with a deadline to provide the requested proof is immaterial because, under the penalty statute applicable to this case, the license revocation had to be based on a violation of a statute or a rule. *See* § 400.121(1)(a), Fla. Stat. (2014) (authorizing the Agency to revoke a license for a violation of "any provision of . . . part II of chapter 408, or applicable rules"); *see also State ex rel. Volusia Jai-Alai, Inc. v. Bd. of Bus. Reg.*, 304 So. 2d 473, 476 (Fla. 1st DCA 1974) ("It has long been held that an administrative agency's authority to suspend or revoke licenses is restricted to the grounds enumerated in the statute.").

Accordingly, the final order is REVERSED.

WETHERELL, RAY, and MAKAR, JJ., concur.

---

[1] At the time the administrative complaint was filed, the nursing home had not provided the requested proof to the Agency. However, the nursing home provided the proof about a month after the complaint was filed, and once it did so, the focus of the proceeding inexplicably did not shift to determining whether the proof provided by the nursing home was sufficient to establish its financial ability to operate. Indeed, although the record suggests that the Agency found the proof insufficient, the administrative law judge made no findings on the issue because, as he stated in the recommended order, "[t]he Agency chose not to offer testimony . . . about an analysis of the document provided by [the nursing home]."

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Philip J. Padovano of Brannock & Humphries, Tampa, and M. Stephen Turner and John F. Loar of Broad and Cassel, Tallahassee, for Appellant.

Tracy Cooper George, Chief Appellate Counsel, Tallahassee, for Appellee.