# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-4209

_____

VONCEIL BRADFORD,

   Appellant,

   v.

FLORIDA A & M UNIVERSITY
BOARD OF TRUSTEES,

   Appellee.

_____

On appeal from the Florida Commission on Human Relations.

May 6, 2019

ROWE, J.

   Vonceil Bradford is a student at the College of Pharmacy and Pharmaceutical Sciences at Florida Agricultural & Mechanical University. She filed a whistleblower complaint with the Florida Commission on Human Relations, alleging retaliation by certain FAMU professors after she lodged complaints against them regarding their grading practices and concerning their treatment of her. The Commission notified Bradford that her complaint was insufficient to trigger a whistleblower investigation and that she had the right to amend the complaint. Bradford did not amend, and the Commission dismissed the complaint. We affirm.

The purpose of Florida's public employee whistleblower statute is to "prevent agencies or independent contractors from taking retaliatory action against an *employee* who reports to an appropriate agency violations of law on the part of a public employer or independent contractor that create a substantial and specific danger to the public's health, safety, or welfare." § 112.3187(2), Fla. Stat. (2018) (emphasis added); *see also Kogan v. Israel*, 211 So. 3d 101, 106 (Fla. 4th DCA 2017); *Igwe v. City of Miami*, 208 So. 3d 150, 153 (Fla. 3d DCA 2016); *Tillery v. Florida Dep't of Juvenile Justice*, 104 So. 3d 1253, 1254 (Fla. 1st DCA 2013). The statute defines an employee as a "person who performs services for, and under the control and direction of, or contracts with, an agency or independent contractor for wages or other remuneration." § 112.3187(3)(b), Fla. Stat. (2018). And it prohibits an agency from dismissing, disciplining, or taking any other adverse personnel action against an employee. § 112.3187(4), Fla. Stat. (2018).

The Commission dismissed the complaint because Bradford failed to allege any retaliatory action taken against her. This dismissal was proper. Bradford alleged that her professors prohibited her from attending classes and subjected her to a different grading standard and a hostile classroom environment. But none of these actions were "adverse personnel actions" within the meaning of the whistleblower statute. § 112.3187(4), Fla. Stat. (2018). Further, although FAMU is a public employer, Bradford did not allege that she was an employee of FAMU. She never alleged that she performed any service for the university or that she received wages or other remuneration from the university. Because Bradford failed to allege any employment relationship with FAMU and failed to allege any retaliatory personnel action, the Commission properly dismissed the complaint.

AFFIRMED.

JAY and M.K. THOMAS, JJ., concur.

2

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Marie A. Mattox of Marie A. Mattox, P.A., Tallahassee, for Appellant.

Shira Thomas, Interim General Counsel; Angelique D.K. Hutchins and Ana M. Gargollo-McDonald, Associate General Counsel, Florida A&M University, Tallahassee, for Appellee.