NIMMONS, Judge.
The State Department of Transportation (DOT) seeks certiorari review of an order of the Circuit Court of the Second Judicial Circuit In and For Leon County denying DOT’s motion to dismiss a complaint of the Hendry Corporation (Hendry) and requiring DOT to answer the complaint. Hen-dry’s complaint sought injunctive and declaratory relief as will be more fully discussed in our opinion. We grant certiorari.
This case arose out of a dispute over certain bidding procedures of the DOT in connection with a federally-aided public works project in Monroe County which involved the partial destruction of a bridge and the transformation of a portion of the bridge into a fishing pier (hereinafter the “project”).
In a notice dated July 3, 1985, DOT notified contractors that sealed bids would be received on the project.[1] Contractors were informed in writing that they must meet or exceed Women Business Enterprise (hereinafter “W.B.E.”) goals[2] or demonstrate that the goals could not be met despite the contractor’s good faith efforts. The notice informed them that the W.B.E. goal for the project was the expenditure of 2% of the total amount of the bid on W.B.E.’s, that the W.B.E. participation information must be submitted with the contractor’s bid proposal showing satisfaction of the W.B.E. goal or demonstrating that good faith efforts were made to meet the goal, and that failure to meet such requirements would result in the disqualification of the bidder. Hendry submitted its bid with full knowledge of the above requirements and provisions.
Hendry submitted a bid which included a W.B.E. participation information form showing that only 1.3% of the total bid would be performed by W.B.E’s. No good faith efforts documentation was submitted by Hendry. When the bids were opened, Hendry’s bid was found to be the low bid and DOT initially declared Hendry to be the low bidder. Subsequently, however, DOT furnished Hendry with written notification that Hendry had been declared non-responsive because of its failure to meet the W.B.E. requirements of the project and *220 that another contractor, Atlantic Foundation Company, Inc. (Atlantic), was being declared the apparent low bidder.
Hendry timely filed notice of protest and formal written protest pursuant to Section 120.53, Florida Statutes, protesting the award of the contract to an entity other than Hendry. DOT, acting in accordance with the provisions of Section 120.53(5), referred Hendry’s protest to the Division of Administrative Hearings (D.O.A.H.) for formal hearing. Atlantic was allowed to intervene in such proceeding.
At the outset of the hearing on October 11, 1985, Hendry’s counsel announced that Hendry would attempt to show: (1) that it had inadvertently failed to list one of its W.B.E. contractors on its bid form, inclusion of which would have put Hendry over the 2% W.B.E. requirement, and that such mistake was a minor irregularity which should have been waived by DOT, and (2) that DOT’s inclusion of the W.B.E. requirement as part of the bid specifications was ultra vires its statutory authority. In addition, Hendry asserted that DOT’s regulations purportedly implementing Sections 339.0805 and 339.081, Florida Statutes, were violative of the Florida and United States Constitutions in that they were discriminatory and constituted an illegal quota system.
At the commencement of the hearing, DOT and Atlantic took the position that Hendry’s ultra vires argument was, in effect, a rule challenge since the provisions for W.B.E. goals, which DOT adhered to in the instant case, were all expressly set out in Rule 14-78.03, Florida Administrative Code. They argued that since no Section 120.56 rule challenge petition had been filed, the jurisdiction of D.O.A.H. to hear the rule challenge had not been properly invoked. They also argued that the hearing officer was without authority to consider the constitutionality of DOT's bidding procedure rule. Counsel for Hendry ultimately agreed that DOT had followed its own rules in declaring Hendry’s bid nonre-sponsive. Accordingly, since Hendry was, in effect, attacking the subject rule, counsel for Hendry asked the hearing officer to “treat this hearing as one conducted pursuant to Section 120.56.” The hearing officer refused to do so, observing that “I have no authority to on my own convert this hearing to a 120.56 proceeding.”
Thereafter, the parties proceeded with the presentation of evidence. Five weeks later, on November 15, 1985, the hearing officer issued his recommended order recommending that Hendry’s bid be rejected and that the contract be awarded to Atlantic. Among the hearing officer’s findings were:
1. That DOT’s W.B.E. requirements were established in a duly promulgated rule (Rule 14-78.03(2)(b), Florida Administrative Code.)
2. That the W.B.E. requirements of the subject project had been clearly incorporated into the bid specifications.
3. That the W.B.E. requirements were a material part of the bid specifications which DOT could not waive.
4. That Hendry had not, prior to submitting its bid, filed a Rule 14-25.04(1), Florida Administrative Code, notice of protest challenging the validity of DOT’s W.B.E. requirements in the specification for the subject project, and that Hendry had therefore waived its right to challenge DOT’s action on grounds that the inclusion of the W.B.E. requirements was beyond its statutory authority.
5. That Hendry had conceded that DOT’s actions regarding the inclusion of the W.B.E. requirements were consistent with DOT rules governing the same as contained in Chapter 14-78, Florida Administrative Code.
6. That the subject proceeding was initiated under Section 120.57 and that Hen-dry’s attack on the validity of Chapter 14-78 had not been brought in a proper rule challenge proceeding, and that, accordingly, it would be presumed that the rule was valid.
After the entry of the recommended order, but before entry of DOT’s final order, Hendry, on November 27,1985, filed suit in the Leon County Circuit Court against *221 DOT seeking injunctive and declaratory relief. Essentially, Hendry’s complaint alleged that the hearing officer erroneously ruled that Hendry was precluded from asserting that Chapter 14-78, Florida Administrative Code, particularly Rule 14-78.-03(2)(b), was invalid and beyond the legislative authority under Sections 339.08(1) and 339.0805, Florida Statutes, and that Hendry was without an adequate remedy, absent intervention of the circuit court, to correct such alleged error, and that Section 339.-0805, Florida Statutes, upon which authority Rule 14-78.03(2)(b) was apparently adopted, is “unconstitutional and invalid, null and void in violation of Article III, Section 1 and Article II, Section 3 of the Florida Constitution, and operates to deprive the Plaintiff of due process and equal protection of the law as guaranteed under Article I, Sections 2 and 9, of the Florida Constitution and the due process and equal protection clauses of XIV Amendment to the United States Constitution” and that “said statute is constitutionally vague and indefinite.”
On December 3, 1985, DOT filed a motion to dismiss Hendry’s circuit court complaint on the grounds that Hendry had failed to exhaust its administrative remedies. On December 20, 1985, DOT entered its final order in the administrative proceeding adopting the recommended order and awarding the contract to Atlantic.
From DOT’s final order, Hendry filed a timely appeal to this Court on January 17, 1986, an appeal which is presently pending as Case No. BK-499. In that appeal, Hen-dry filed its initial brief on April 28, 1986, raising essentially the same issues as those involved in its circuit court suit, including its attack on the facial constitutionality of Section 339.0805, Florida Statutes.
On May 6, 1986, the circuit court entered an order denying DOT’s motion to dismiss Hendry’s circuit court complaint and ordered DOT to answer the complaint. Subsequently, on May 12, 1986, DOT filed in the instant proceeding a petition for writ of prohibition or, alternatively, a writ of cer-tiorari seeking to prohibit the circuit court from proceeding further and seeking review of the circuit court’s order denying DOT’s motion to dismiss and requiring DOT to answer Hendry’s complaint. On May 19, 1986, another panel of this Court, by an unpublished order, denied DOT’S petition for writ of prohibition but ordered Hendry to respond to DOT’s petition by showing cause why a writ of certiorari should not be granted. Hendry has filed its response. Meanwhile, the circuit court suit has been held in abeyance pending resolution of the instant certiorari proceeding.
There is little question but that, aside from Hendry’s attack on the facial constitutionality of Section 339.0805, Florida Statutes (which we will discuss in a moment), Hendry’s circuit court complaint would be dismissible for failure to exhaust available administrative remedies under the exhaustion principles set forth in Key Haven v. Board of Trustees of the Internal Improvement Fund, 427 So.2d 153 (Fla.1983) and Gulf Pines Memorial Park, Inc. v. Oaklawn Memorial Park, Inc., 361 So.2d 695 (Fla.1978). Hendry’s assertion in circuit court of no adequate remedy to rectify the hearing officer’s alleged erroneous refusal to entertain in the 120.57 hearing Hendry’s attack on the validity of Rule 14-78.03 does not furnish a proper foundation for the exercise of circuit court jurisdiction. This is so because, assuming without deciding that the hearing officer’s ruling was erroneous, Hendry, if it were not satisfied to wait to assert such error via a 120.68 appeal from the agency’s final order, could have sought immediate review in this Court pursuant to Section 120.68 (1) which provides in pertinent part:
120.68 Judicial review.
(1) * * * A preliminary, procedural, or intermediate agency action or ruling, including any order of a hearing officer, is immediately reviewable if review of the final agency decision would not provide an adequate remedy.
The other ground asserted by Hendry in support of circuit court jurisdiction was its attack on the facial constitutionality of Sec *222 tion 339.0805. Hendry is quite correct in asserting that such ground is the well-recognized exception to the rule requiring exhaustion of administrative remedies. See Key Haven, supra. However, that exception’s rationale, as articulated in Key Haven is of particular significance to us in the instant case. As the Supreme Court stated:
A requirement that administrative proceedings be exhausted for the type of challenge presented in Gulf Pines would be needlessly time-consuming and expensive. Since the facial constitutionality of a statute may not be decided in an administrative proceeding, Department of Revenue v. Young American Builders, 330 So.2d 864 (Fla. 1st DCA 1976), this type of constitutional issue could not, absent recourse to the circuit courts, be addressed until the administrative process is concluded and the claim is before a district court of appeal on direct review of the agency action.
Id. at 157.
We do not believe that the Supreme Court’s window of availability for circuit court entertainment of facial constitutional attacks was intended to be available under circumstances such as those in the instant case. The above-stated rationale for the exercise of such circuit court jurisdiction certainly does not exist in this case. Indeed, it would be anomalous to sanction continued exercise of circuit court jurisdiction over Hendry’s claims.
Our conclusion is suggested by the rather unusual procedural circumstances involved in the instant case. A too broad reading of our holding and its application to other factual scenarios may be unwarranted and perilous. We think it prudent to iterate that significant to our holding are: (1) that Hendry’s circuit court proceeding was not instituted until after issuance of the recommended order and shortly before the agency’s final order; (2) that Hendry instituted a Section 120.68 petition for review in this Court raising — as reflected in its initial brief — the same issues raised in the circuit court proceeding, including the attack on the facial constitutionality of the subject statute; and (3) that the constitutional attack on the statute is a “true” facial constitutional challenge in the sense that it is apparent that no evidentiary hearing is necessary — or suggested by the parties for that matter — in order to adjudicate such challenge, compare Glendale Federal Savings and Loan Association v. State of Florida, Department of Insurance, 485 So.2d 1321, 1324 (Fla. 1st DCA 1986) (pointing out that some facial constitutional attacks on statutes may involve factual issues), and, thus, there is no reason why this Court cannot or should not initially address such constitutional challenge in the Section 120.68 appeal. Criterion Insurance Company v. State of Florida, Department of Insurance, 458 So.2d 22, 28 (Fla. 1st DCA 1984).[3]
Accordingly, we grant certiorari, quash the order denying the DOT’s motion to dismiss, and direct the circuit court to grant such motion.
CERTIORARI GRANTED.
MILLS and WIGGINTON, JJ., concur.
APPENDIX
Chronology of Events
July 3,1985 Notification by DOT to contractors that sealed bids on project would be received including notification of W.B.E. (Women Business Enterprise) requirements.
July 31,1985 Bids opened. Hendry the apparent low bidder.
August 20,1985 Hendry notified by DOT that it was nonresponsive for failure to comply with W.B.E. requirements and of DOT’S intention to award contract to Atlantic, next lowest bidder.
*223 September 9,1985 Hendry filed Notice of Protest with DOT protesting award of contract to Atlantic.
September 27,1985 Formal written protest filed by Hendry with Division of Administrative Hearings.
October 11,1985 Formal hearing pursuant to Section 120.57(1).
November 15,1985 Recommended Order issued recommending that Hendry’s protest be denied.
November 27,1985 Complaint filed by Hendry in Circuit Court seeking declaratory and injunctive relief.
December 20,1985 DOT issued final order adopting Recommended Order.
January 17,1986 Notice of Appeal filed in this Court by Hendry from DOT’S Final Order (Case No. BK-499).
April 28,1986 Initial brief filed by Hendry in this Court in BK-499 — same issues raised in Hendry’s brief as in Circuit Court complaint.
May 6,1986 Order entered by Circuit Court denying DOT’S motion to dismiss and requiring DOT to answer complaint.
May.12,1986 Petition for writ of prohibition/certiorari filed by DOT in this Court (instant case).
May 19,1986 Order entered by this Court denying prohibition but requiring Hendry to file response showing why certiorari should not be granted.

. For ease of reference, a summary of the pertinent events is set forth chronologically in the appendix at the conclusion of this opinion.

. Chapter 14-78, Florida Administrative Code, includes DOT rules purporting to implement the provisions of Section 339.0805, Florida Statutes requiring expenditure of funds from the State Transportation Trust Fund with small business concerns owned and controlled by "socially and economically disadvantaged individuals.”

. We do not express an opinion on whether our holding would be different if the resolution of the constitutional attack on the statute required fact finding and whether such could be accommodated by employing Section 120.68’s "impressive arsenal” of remedies, see Daniels v. Florida Parole and Probation Commission, 401 So.2d 1351, 1355 (Fla. 1st DCA 1981), by remanding or relinquishing jurisdiction to the agency or hearing officer for a supplemental hearing or other augmentation of the record.