RAY, J.
Tereatha Robinson, Appellant, appeals an adverse final summary judgment of her civil complaint under the Whistle-blower’s Act, sections 112.3187-.31895, Florida Statutes (2008). The final summary judgment was premised on Appellant’s failure to exhaust the available administrative remedies by appealing the dismissal of her initial whistle-blower complaint by the Florida Commission on Human Relations (FCHR). Appellant argues that she was not required to appeal the dismissal and that, even if a complainant is ordinarily required to appeal such a dismissal, it was not necessary for her to do so because FCHR issued the dismissal after the time frame within which FCHR was required to act. Contrary to Appellant’s arguments, the circuit court correctly concluded that Appellant’s failure to appeal the dismissal foreclosed her right to file suit in circuit court under the Whistle-blower’s Act.
*1081 Appellant’s claim arose out of the termination of her employment with the Department of Health (DOH). After the termination of her employment, Appellant filed a whistle-blower complaint with FCHR, which dismissed the complaint as untimely 188 days later. The notice of dismissal advised Appellant of her right to seek review of FCHR’s decision in this Court within thirty days. Appellant did not appeal. Instead, 107 days after the dismissal, she filed a whistle-blower complaint against DOH in circuit court. DOH moved for summary judgment on the ground that Appellant failed to exhaust her administrative remedies. The circuit court granted the motion and entered final judgment in favor of DOH.
A court may grant summary judgment when “there is no genuine dispute as to any issue of material fact and the moving party is entitled to judgment as a matter of law.” Lomack v. Mowrey, 14 So.3d 1090, 1091 (Fla. 1st DCA 2009). The determination that this standard has been met is subject to de novo review. Smith v. New Hampshire Indem. Co., 60 So.Sd 429, 431 (Fla. 1st DCA 2011).
To maintain a civil action under the Whistle-blower’s Act, a public employee must first exhaust the administrative remedies provided therein. City of Miami v. Del Rio, 723 So.2d 299, 300 (Fla, 3d DCA 1998). As a general rule, exhaustion of administrative remedies includes pursuing an appeal from an administrative ruling where a method of appeal is available. Fla. High School Athletic Ass’n v. Melbourne Cent. Catholic High School, 867 So.2d 1281, 1288 (Fla. 5th DCA 2004); see State, Dep’t of Transp. v. Hendry Corp., 500 So.2d 218, 221 (Fla. 1st DCA 1986); Sawyer v. Wainwright, 422 So.2d 1027, 1028 (Fla. 1st DCA 1982).
The Whistle-blower’s Act provides a statutory cause of action for employees of state agencies, among others, who face adverse personnel action as a result of certain protected activities. §§ 112.3187(8)(a); 112.31895(4)(a). Employees of state agencies may seek the relief provided under the Act through either circuit court or the Public Employees Relations Commission (PERC). §§ 112.3187(8)(a); 112.31895(4)(a). However, the Act provides certain prerequisites to the filing of an action in either circuit court or with PERC. §§ 112.3187; 112.31895. To initiate an action under the Whistle-blower’s Act, a state agency employee must file an administrative complaint with either FCHR or the Office of the Governor within sixty days of the action that is the subject of the complaint. §§ 112.3187(8)(a), 112.31895(l)(a). When a complaint alleging a violation of the Whistle-blower’s Act is timely filed with FCHR, FCHR is required to investigate the complaint and, within ninety days, issue a fact-finding report. § 112.31895(2)(c). If FCHR is unable to conciliate the complaint within sixty days of the issuance of the fact-finding report, it is required to terminate its investigation and notify the complainant and the agency head that the investigation has been terminated. § 112.31895(3)(d). Once a complainant receives a notice of termination of investigation, he or she may elect either to file a complaint with PERC within sixty days or to file a civil action within 180 days. §§ 112.3187, 112.31895(4)(a). If FCHR issues a final order, rather than a notice of termination of investigation, the final order is subject to judicial review under section 120.68, Florida Statutes, as provided in section 112.31895(4)(b).
As Appellant acknowledged below, Florida Administrative Code Rule 60Y-5.006(3) provides that FCHR must dismiss a complaint if it is not timely filed with FCHR. However, the existence of *1082 this rule does not end our analysis because administrative agencies have no power except that which is provided by statute. See Grove Isle, Ltd. v. State Dep’t of Envtl. Reg., 454 So.2d 571, 573 (Fla. 1st DCA 1984). While the Whistle-blower Act does not contain a provision expressly authorizing FCHR to dismiss complaints it deems untimely filed, an agency has the power to take actions that are “necessarily or reasonably incident to the powers expressly granted” in a statute. Hall v. Career Sen. Comm’n, 478 So.2d 1111, 1112 (Fla. 1st DCA 1985). Here, the relevant statute requires the agency to review and investigate complaints that are filed within sixty days of personnel action that is prohibited under the Whistle-blower’s Act. § 112.31895(l)(a). Dismissal of a complaint FCHR believes to be untimely is a power necessarily incident to the power to review timely complaints. Moreover, section 112.31895(4)(b) reveals that the Legislature contemplated the entry of final orders by FCHR under the authority granted in the Whistle-blower’s Act. In consideration of the statutory deadline and the power of FCHR to issue final orders, we hold that FCHR has the authority to dismiss a complaint as untimely. Relief from a final order of dismissal may be obtained only through appellate review under section 120.68.
We reject Appellant’s argument that FCHR’s failure to act within the 150 days FCHR is granted to conciliate a complaint excused her of the obligation to exhaust her administrative remedies by appealing the dismissal. To support this argument, Appellant relies on Woodham v. Blue Cross and Blue Shield of Florida, Inc., 829 So.2d 891 (Fla.2002). Woodham involved FCHR’s handling of a claim filed under the Florida Civil Rights Act, sections 760.01-.il, Florida Statutes (1999). 829 So.2d at 893. • The Florida Civil Rights Act is similar to the Whistle-blower’s Act in that it requires the filing of a complaint with FCHR as a prerequisite to the filing of a civil suit asserting a statutory cause of action. See § 760.11(1), Fla. Stat. (2009). Unless the complaint is properly referred to another agency, FCHR must determine within 180 days whether “there is reasonable cause to believe that a discriminatory practice has occurred in violation of the Florida Civil Rights Act of 1992.” § 760.11(2). If FCHR determines there is reasonable cause to believe that a violation of that act has occurred, the aggrieved person may either file a civil suit or request an administrative hearing. § 760.11(4). If FCHR determines there is no reasonable cause to believe a violation of the act has occurred, it is required to dismiss the complaint. § 760.11(7). The Florida Civil Rights Act provides a remedy for a failure on FCHR’s part “to conciliate or determine whether there is reasonable cause on any complaint under this section within 180 days of the filing of the complaint.” § 760.11(8). In that event, the “aggrieved person may proceed under subsection (4), as if the commission determined that there was reasonable cause.” Id.
In pertinent part, the Woodham decision concerned the effect of FCHR’s hypothetical issuance of a determination of “no reasonable cause” beyond the 180-day deadline. 829 So.2d at 897-99. The Wood-ham court stated that if FCHR had issued a “no reasonable cause” determination after the 180-day window but before the complainant filed her civil suit, the determination would have had no effect on the claimant’s rights, as the statute plainly permitted the claimant to proceed to circuit court once 180 days passed without a determination from FCHR. Id.'
Appellant argues that this Court should extend the Woodham principle to the instant case due to the similarities between the two acts. She claims such a result is *1083 necessary to prevent FCHR from cutting off the rights of aggrieved employees by simply failing to act. However, neither Woodham nor the Whistle-blower’s Act provides authority for allowing a person to bring a whistle-blower action in circuit court when FCHR fails to act on the complaint in a timely fashion. Unlike the Florida Civil Rights Act, the Whistle-blower’s Act contains no provision allowing a complainant to bypass the administrative process due to a delay by FCHR. Rather than supporting Appellant’s position, Wood,ham and the Florida Civil Rights Act illustrate why the trial court’s decision was correct. If the Legislature had intended to allow whistle-blower complainants to proceed to circuit court due to a delay by FCHR, it would have included language in the Whistle-blower’s Act similar to that which it provided in the Florida Civil Rights Act. The Legislature’s failure to do so indicates that it did not intend to provide this independent avenue for relief.
While we are troubled by FCHR’s extraordinary delay in deeming Appellant’s complaint untimely, we are not at liberty to judicially engraft into the Act an avenue for Appellant to pursue her whistle-blower claim other than those provided under the Act. See art. II, § 3, Fla. Const, (reciting separation of powers doctrine); Seagrave v. State, 802 So.2d 281, 287 (Fla.2001) (recognizing that courts may not add words to statutes). Because Appellant failed to appeal the dismissal, she did not exhaust her administrative remedies. As a result, the circuit court correctly ruled that her claim under the Whistle-blower’s Act is barred.
AFFIRMED.
DAVIS and THOMAS, JJ., concur.