Aisha **SYLVAIN**, Appellant,

v.

**FLORIDA AGRICULTURAL AND ME-CHANICAL UNIVERSITY BOARD OF TRUSTEES**, Appellee.

No. 1D16–450.

District Court of Appeal of Florida, First District.

Nov. 21, 2016.

Bruce S. Rogow of Bruce S. Rogow, P.A., Ft. Lauderdale; Kelly Overstreet Johnson, Dena H. Sokolow, and Russell B. Buchanan of Baker, Donelson, Bearman, Tallahassee; Tricia (CK) Hoffler of Edmond, Lindsay & Hoffler, Atlanta, for Appellant.

Laura Beth Faragasso and Miriam R. Coles of Henry Buchanan, P.A., Tallahassee, for Appellee.

CLARK, JR., BRANTLEY S., Associate Judge.

Aisha Sylvain, Appellant, challenges the trial court's entry of summary judgment dismissing her civil complaint against Florida Agricultural and Mechanical University Board of Trustees, Appellee, because she failed to exhaust her administrative remedies. Because Appellant failed to seek certiorari review in the circuit court of the final disciplinary orders, we affirm the entry of final summary judgment.

In 2013, Appellant, an enrolled student, was dismissed from the University for five years due to her involvement in a hazing incident. Appellant challenged this determination through an emergency hearing and non-emergency hearing. The Vice

President for Student Affairs adopted the emergency panel's decision to uphold Appellant's dismissal from the University and informed Appellant of her right to seek judicial review via a petition for writ of certiorari filed in the circuit court. Appellant's penalty was later reduced to a two-semester suspension when the Vice President of Student Affairs adopted the non-emergency panel's recommendation. This order also informed Appellant of her right to seek certiorari review in the circuit court. Instead of seeking certiorari review of either order, Appellant filed a civil complaint against Appellee. Appellee responded by moving for summary judgment, arguing that Appellant failed to exhaust her administrative remedies because she never sought certiorari review of the final disciplinary orders. The trial court agreed and granted the motion for summary judgment.

Here, Appellant argues that she was not required to seek certiorari review of the disciplinary orders to exhaust her administrative remedies. She argues that pursing the University's internal review procedures was sufficient to exhaust her remedies. However, her argument is contrary to this Court's holding in *Robinson v. Department of Health*, 89 So.3d 1079, 1081 (Fla. 1st DCA 2012). In *Robinson*, this Court explained, "[a]s a general rule, exhaustion of administrative remedies includes pursuing an appeal from an administrative ruling where a method of appeal is available." *See also Fla. High Sch. Athletic Ass'n v. Melbourne Cent. Catholic High Sch.*, 867 So.2d 1281, 1288 (Fla. 5th DCA 2004) ("When a method of appeal from an administrative ruling has been provided, such method must generally be followed to the exclusion of any other system of review."). Here, as she was clearly informed, Appellant's method of appeal was to seek certiorari review of the final disciplinary orders in the circuit court.

*See Decker v. Univ. of W. Fla.*, 85 So.3d 571, 574 (Fla. 1st DCA 2012) ("In this circumstance, appellate review is a matter of right, as it would be in the case of a plenary appeal."). Because she failed to take this step, she failed to exhaust her administrative remedies.

Finding no merit to Appellant's alternative claim that she was excused from seeking certiorari review because to do so would have been futile and provided her with an inadequate remedy, we AFFIRM the trial court's entry of final summary judgment.

ROBERTS, C.J., and WINOKUR, J., concur.